# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD DEUTSCH,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>A. ENENMOH, et al.,<br><br>　　　　Defendants. | Case No. 1:13-cv-00504 LJO DLB PC<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND<br><br>THIRTY-DAY DEADLINE |

Plaintiff Donald Deutsch ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on April 8, 2013. He names Chief Medical Officer Anthony Enemoh, Chief Physician and Surgeon Godwin Ugwueze, Physician Winfred Kokor, and Surgeon Young Paik as Defendants.

**A.    SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Id.

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff's allegations must link the actions or omissions of each named defendant to a violation of his rights; there is no respondeat superior liability under section 1983. Iqbal, 556 U.S. at 676-77; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934. Plaintiff must present factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

**B.    SUMMARY OF PLAINTIFF'S ALLEGATIONS**

Plaintiff is currently housed at Valley State Prison in Chowchilla, California, where the events giving rise to this action took place.

Plaintiff alleges the following. Plaintiff suffers from joint degeneration, a rotator cuff tear, impingement, and other defects in his right shoulder. As a result of his condition, he experiences extreme pain, muscle spasms, shooting and stabbing pain, burning sensations, and numbness in his right shoulder and right arm. He has difficulty sleeping, exercising, and doing common tasks such as writing. His right shoulder function and mobility is approximately 10 percent. Plaintiff also

2

experiences severe anxiety, fear, depression and a degraded sense of self worth as a result of his condition.

Plaintiff states that Defendants Enenmoh, Ugwueze and Kokor received notice on May 11, 2011, from Orthopedic Specialist David G. Smith, M.D., and on many previous and later occasions, of Dr. Smith's findings that "[t]he x-rays clearly show that [Plaintiff] has severe degenerative changes in the glenohumeral joint with a large osteophytic spur projecting from the humeral head, and he does have severe glenohumeral arthritis. Therefore, [Plaintiff] would be a candidate for a total shoulder replacement."

On June 22, 2011, Defendants Enenmoh, Ugwueze and Kokor were again advised of Dr. Smith's opinion that Plaintiff "will still require a total shoulder replacement. I am recommending this once again, and I will see him back on a p.r.n. basis."

Plaintiff claims Defendants did not agree with Dr. Smith's recommendation based on a cost factor analysis, and elected to send Plaintiff to Defendant Paik on February 6, 2012, in order to get an alternate medical opinion that would not require the state to pay for a total shoulder replacement.

On February 6, 2012, Defendant Paik examined Plaintiff for a total of approximately five (5) minutes. Defendants Enenmoh, Ugwueze, and Kokor did not forward his relevant medical records and history to Defendant Paik as is customary. Plaintiff states Dr. Paik noted that Plaintiff only had right shoulder pain for about two and one-half years but Plaintiff had experienced right shoulder pain for much longer. Dr. Paik also noted that Plaintiff experienced relief after a failed orthoscopic surgery, but this statement was false. Defendant Paik recommended "conservative modality" to treat the shoulder rather than Dr. Smith's recommendation of a total shoulder replacement.

In addition, despite extreme pain and Defendants knowledge of such pain, Plaintiff's medication was reduced from 15mg of Methadone TID to 10 mg BID with no reason or change in his medical condition. Plaintiff complained of worse pain and Defendants increased his dosage, but not enough to marginalize his pain.

Plaintiff states he informed all of the doctors and nurses he spoke to of the pain and problems he was experiencing to no avail.

On November 7, 2011, Plaintiff was run into while on the yard and knocked down. His right

3

shoulder received additional trauma and Plaintiff was unable to sleep or move his arm due to the severe pain. Plaintiff submitted repeated requests for medical services but Defendants ignored his pleas for help. Plaintiff continues to suffer with the symptoms stated above. Plaintiff seeks compensatory and punitive damages.

**C.     DISCUSSION**

   1.     Eighth Amendment – Deliberate Indifference to Medical Need

To maintain an Eighth Amendment claim based on medical care in prison, a plaintiff must show deliberate indifference to his serious medical needs. Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (citing Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 295 (1976)) (quotation marks omitted). The two-part test for deliberate indifference requires the plaintiff to show (1) a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain, and (2) the defendant's response to the need was deliberately indifferent. Jett, 439 F.3d at 1096 (quotation marks and citation omitted). Deliberate indifference is shown by a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference. Id. (citation and quotation marks omitted). Deliberate indifference may be manifested when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care. Id. (citation and quotations omitted). Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs. Berry v. Bunnell, 39 F.3d 1056, 1057 (9th Cir. 1994); McGuckin v. Smith, 974 F.2d 1050, 1060 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).

Plaintiff's allegations do not support a claim against any named defendant for violation of the Eighth Amendment. With respect to Defendants Enenmoh, Ugwueze, and Kokor, Plaintiff does not dispute that Defendants provided him with medical care. Defendants may not have agreed with Dr. Smith's recommendation, and chose instead to refer Plaintiff to another specialist and rely on his treatment recommendation, but Plaintiff's mere disagreement with the course of treatment deemed

4

appropriate by physicians will not support a claim for relief. Snow v. McDaniel, 681 F.3d 978, 987 (9th Cir. 2012); Wilhelm v. Rotman, 680 F.3d 1113, 1122-23 (9th Cir. 2012); Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006).

As to Defendant Paik,[1] Plaintiff again acknowledges that Defendant provided him with medical care, but disagrees with the course of treatment recommended by Defendant. Plaintiff also alleges that Defendant Paik reduced his dosage of medication, but then raised it again after Plaintiff complained of pain. As stated above, Plaintiff's disagreement with the course of treatment will not support a claim for relief under the Eighth Amendment. Id.

Plaintiff also claims that he was knocked down on the yard and sustained additional injuries to his shoulder. He claims his pleas for medical care have been ignored. Under section 1983, Plaintiff must link the named defendants to the participation in the violation at issue. Ashcroft v. Iqbal, 556 U.S. 662, 676-77, 129 S.Ct. 1937, 1948-49 (2009). To state a claim, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Id. Here, Plaintiff fails to link any defendant to any action or omission concerning his pleas for medical care.

Plaintiff will be provided an opportunity to file an amended complaint to present a cognizable claim.

2. California Civil Code § 52.1(b)

Plaintiff claims Defendants violated Cal. Civil Code § 52.1(b) by subjecting him to injury. Section 52.1 provides for redress against an individual who interferes with another person's exercise or enjoyment of rights secured by the United States Constitution or the California Constitution. However, a claim under section 52.1 requires that the interference or attempted interference with the right be by way of threats, intimidation, or coercion. Cal. Civ. Code § 52.1; Venegas v. County of Los Angeles, 32 Cal.4th 820, 843 (Cal. 2004); Jones v. Kmart Corp., 17 Cal.4th 329, 334 (Cal. 1998); Austin B. v. Escondido Union School District, 57 Cal.Rptr.3d 454, 471-72 (Cal. Ct. App. 2007); see also McCue v. South Fork Union Elementary School, 766 F.Supp.2d 1003, 1010-11 (E.D.Cal. 2011) (defining threats and finding complaint failed to state section 52.1 claim); Fenters v.

---

[1] Defendant Paik is not a prison employee, but for the purpose of this screening, the Court will assume he was acting under color of state law by virtue of a contract with the state. West v. Atkins, 487 U.S. 42, 48, 108 S.Ct. 2250 (1988); Florer v. Congregation Pidyon Shevuyim, N.A., 639 F.3d 916, 922 (9th Cir. 2011), cert. denied, 132 S.Ct. 1000 (2012).

5


Yosemite Chevron, 761 F.Supp.2d 957, 996-98 (E.D.Cal. 2010) (discussing definition of threats, intimidation, and coercion within meaning of section 52.1).

In this case, there are no allegations which support a claim that Defendants interfered with or attempted to interfere with Plaintiff's rights through threats, intimidation, or coercion. Accordingly, Plaintiff fails to state a claim for relief under Cal. Civil Code § 52.1.

3. Medical Malpractice – State Law

Plaintiff also alleges that Defendants violated his rights under the California Constitution, statutes and regulations.

Section 1983 does not provide a cause of action for violations of state law. See Hydrick v. Hunter, 500 F.3d 978, 987 (9th Cir. 2007); Galen v. County of Los Angeles, 477 F.3d 652, 662 (9th Cir. 2007); Ove v. Gwinn, 264 F.3d 817, 824 (9th Cir. 2001). Pursuant to 28 U.S.C. § 1367(a), however, in any civil action in which the district court has original jurisdiction, the district court "shall have supplemental jurisdiction over all other claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III," except as provided in subsections (b) and (c). "[O]nce judicial power exists under § 1367(a), retention of supplemental jurisdiction over state law claims under 1367(c) is discretionary." Acri v. Varian Assoc., Inc., 114 F.3d 999, 1000 (9th Cir.1997). "The district court my decline to exercise supplemental jurisdiction over a claim under subsection (a) if ... the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). The Supreme Court has cautioned that "if the federal claims are dismissed before trial ... the state claims should be dismissed as well." United Mine Workers, supra, 383 U.S. at 726.

In this case, the complaint does not present a federal claim for relief. However, he will be provided an opportunity to amend his complaint. If Plaintiff amends and presents a cognizable claim, then the Court may exercise supplemental jurisdiction over his state law claims.

Nevertheless, Plaintiff's state law claims do not offer relief. "To establish a medical malpractice claim, the plaintiff must allege in the complaint: (1) defendant's legal duty of care toward plaintiff; (2) defendant's breach of that duty; (3) injury to plaintiff as a result of that breach - proximate or legal cause; and (4) damage to plaintiff." Rightley v. Alexander, No. C-94-20720

RMW, 1995 WL 437710, at *3 (N.D. Cal. July 13, 1995) (citing to Hoyem v. Manhattan Beach School Dist., 22 Cal.3d 508, 514 (1978)); 6 B. E. Witkin, Summary of California Law, Torts § 732 (9th ed. 1988). "[M]edical personnel are held in both diagnosis and treatment to the degree of knowledge and skill ordinarily possessed and exercised by members of their profession in similar circumstances." Hutchinson v. United States, 838 F.2d 390, 392-93 (9th Cir. 1988) (internal citations omitted). Here, Plaintiff fails to identify Defendants' legal duty of care, how Defendants breached that duty, the injury suffered by Plaintiff, and the damage caused to Plaintiff.

    4.    Miscellaneous California Government Codes

Plaintiff also raises numerous claims predicated on various California Government Codes. None, however, present a valid claim for relief.

Plaintiff cites to Cal. Government Code § 815.6, which provides for a private right of action against a public entity whenever (1) a public entity is under a mandatory duty imposed by an enactment, (2) the enactment was designed to protect against the injury claimed, and (3) the injury was proximately caused by the public entity's failure to discharge its mandatory duty. Dep't of Corp. v. Superior Court, 63 Cal.Rptr.3d 624, 629 (Cal. Ct. App. 2007) (citing Haggis v. City of Los Angeles, 22 Cal.4th 490, 498 (Cal. 2002) and State of California v. Superior Court, 197 Cal.Rptr. 914, 918 (Cal. Ct. App. 1984)) (quotation marks omitted). Plaintiff also cites to Cal. Government Code § 815.2 which provides for a cause of action against public entities for tortious acts and omissions of their employees. Plaintiff further cites to Cal. Government Code § 815.4 which provides for a cause of action against public entities based on the tortious acts of their independent contractors. No named Defendant in this case is a public entity. Moreover, public entities are immune from liability for injuries to prisoners. Cal. Govt. Code § 844.6(a)(2).

## D. **CONCLUSION AND ORDER**

Plaintiff's complaint fails to state a claim upon which relief may be granted under section 1983. The Court will provide Plaintiff with an opportunity to file an amended complaint. Akhtar v. Mesa, 698 F.3d 1202, 1212-13 (9th Cir. 2012); Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named Defendant did that led to the deprivation of Plaintiff's federal rights and liability may

7

not be imposed on supervisory personnel under the theory of mere *respondeat superior*, Iqbal, 556 U.S. at 676-77; Starr v. Baca, 652 F.3d 1202, 1205-07 (9th Cir. 2011), *cert. denied*, 132 S.Ct. 2101 (2012).  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the original complaint, Lacey v. Maricopa County, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.

**ORDER**

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim under section 1983;

2. The Clerk's Office shall send Plaintiff a civil rights complaint form;

3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and

4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   **December 25, 2014**              /s/ *Dennis L. Beck*
                                         UNITED STATES MAGISTRATE JUDGE